### *Mason *v.* Paschal.

(*Nashville.*   February  11,  1896.)

1. WILLS.  *Bequest of support out of rents not given for life, when.*
   The husband of testatrix is entitled to a provision for his sup-
   port only until her youngest daughter attains majority, and
   not for his life, under a will devising land to the daughters
   of testatrix, to be equally divided among them when the
   youngest attains her majority, and bequeathing unto the
   husband so much of the rents and profits of such real estate as
   will be a reasonable support for himself individually, the bal-
   ance to be used for the education, support, and maintenance
   of the children.   (*Post, pp. 42–46.*)

   ---
   *Opinion filed too late for former volume.—REPORTER.

2. SAME.    *Bequest of support out of rents not subject to debts, when.*

A bequest to the husband of testatrix of so much of the rents
and profits of land devised to her daughters as will be a rea-
sonable support for himself, individually, until the youngest
daughter becomes of age, the balance of such rents and profits
to be used for the education, support, and maintenance of the
daughters; cannot be subjected to the payment of the debts of
the husband.    (*Post, pp. 46, 47.*)

---

### FROM WARREN.

---

Appeal from Chancery Court of Warren County.
WALTER S. BEARDEN, Ch.

F. M. SMITH for Mason.

STORY & JARVIS and K. B. PRICE for Defendants.

McALISTER, J.    This bill was filed in the Cir-
cuit Court of Warren County to recover a judgment
upon a note, and to subject to the satisfaction
thereof, the interest of O. G. Broyles in certain
lands conveyed to his children under the will of his
deceased wife.    The note sued on was executed by
the defendant, O. G. Broyles, to his co-defendant,
Finney & Paschal, proprietors of the Cumberland Fe-
male College, at McMinnville, in settlement of an in-
debtedness incurred by Broyles in the education, sup-
port, and maintenance of his three daughters at said
school.    The three tracts of land mentioned in the
will were devised by Susan W. Broyles to her four

daughters, to be equally divided among them when the youngest attains the age of twenty-one years, share and share alike, but not to be disposed of by Chancery Court, or in any other manner, until that time. The said O. G. Broyles, the husband of testatrix, was appointed testamentary trustee or guardian to manage the land for said children. The will then provides, viz.: "I will and bequeath unto the said O. G. Broyles, so much of the rents and profits and proceeds of the real estate herein bequeathed to my children, as will be a reasonable support for himself individually, and the balance of said rents, profits, and proceeds aforesaid to be used by him for the education, support, and maintenance of my said children." The original bill seeks to subject the real estate devised to the daughters to the payment of complainant's debt, upon the ground that said debt was incurred for board and tuition of said daughters by the defendant, O. G. Broyles, as their testamentary guardian. In the event the interest of the daughters cannot be reached, the amended bill seeks to subject the individual support of said O. G. Broyles, the father, in the rents and profits of said lands, upon the ground that O. G. Broyles had assumed the payment of said debt by the execution of his individual note. O. G. Broyles admits that he owes the note individually, but denies that he owes it as guardian or trustee. On final hearing, the Chancellor dismissed the bill so far as it sought any relief against the daughters or their land. He was

of opinion that the defendant, O. G. Broyles, was individually liable for said debt, and pronounced judgment against him for the principal and interest of said note, amounting to $1,095.13.

The Chancellor was further of opinion that the said O. G. Broyles owns the usufruct, rents, profits, and proceeds of the land described in the pleadings, to the extent of a reasonable support for himself individually, and that complainant was entitled to subject this personal interest to the payment and satisfaction of this decree. The cause was referred to the Master, to take proof and report, first, the value of the rents and profits of the three tracts of land, comprising three hundred and twenty-five acres, devised to the daughters; second, what would be a reasonable support for O. G. Broyles out of said rents and profits. The Master, in obedience to this reference, reported, first, that $405 would be a reasonable rental value for the three tracts of land; second, that the sum of $200 per annum would be a reasonable support for said O. G. Broyles out of said rents. The Chancellor was of opinion, upon the coming in of said report, that the value of the individual support of O. G. Broyles, fixed at $200, was not supported by the proof. He thereupon fixed said support at $150 per annum. The Court then appointed the Clerk and Master receiver of the lands described in the pleadings, to collect the rentals and apply them to the payment of complainant's debt.

The defendant, Broyles, alone appealed to this

Court, and has assigned errors. In the view we have taken of the case, it is only necessary to notice the third assignment, which is as follows, namely: "The Chancellor erred in holding that the support bequeathed to the defendant, O. G. Broyles, by the will of his wife, could be subjected to the payment of said indebtedness." We are of opinion this assignment of error is well taken.

In the first place, the will expressly provides that upon the arrival at age of the youngest daughter the land therein devised shall be equally divided among the four daughters, share and share alike. The arrival at age of the youngest daughter is the period fixed for distribution, after which time the land is not to be held by the trustee for the joint benefit of the children, but each is to come into possession of her individual share. The will does not charge these individual shares with the reasonable support of O. G. Broyles, and hence, upon the distribution, each daughter takes her share, disincumbered of any charge. Yet the Chancellor proceeded upon the idea that O. G. Broyles was entitled to a support for life out of the rents and profits of these lands, and he decreed that a sufficiency of said rents should be collected by the receiver until complainant's debt should be discharged. The youngest daughter arrived at the age of twenty-one after the appointment of the receiver, and the lands were then subject to division under the will, but under the decree of the Chancellor each share is virtually

charged with the support of O. G. Broyles for six or seven years; for, at the rate of $150 per annum, it will require that length of time to satisfy the decree.    But we think it clear, from the terms of the will, that it was the intention of the testatrix to create a trust for the education, support, and maintenance of her daughters until the youngest should arrive at age, and that, in the meantime, the said O. G. Broyles, who was appointed testamentary trustee or guardian of the children, should be entitled to a reasonable support for himself out of the rents and profits of said land.    But the claim that this interest bequeathed was to O. G. Broyles for life, we hold to be entirely unwarrantable, in view of the other provision that upon the arrival of the youngest daughter at age the land in question shall be divided between the four daughters, share and share alike.    All interest of O. G. Broyles then ceased.

The next question is, whether or not complainant is entitled to subject to the payment of his debt the individual support of O. G. Broyles, until the youngest daughter arrives at age.    We think not. It is obvious that O. G. Broyles has no alienable interest in this trust, and it is not such a property right as may be reached by execution at law or subjected by bill in equity.    The beneficiary does not own any property in said trust, nor is there any provision for an accumulation of property.    The beneficiary is entitled to a mere equity in the rents and

profits—that is to say, a support for himself. The language of the will is, that " out of the rents and profits and proceeds of the realty, he should apply so much as would be a reasonable support for himself individually, and the balance of said rents, profits, and proceeds, as aforesaid, to be used by him for the education, maintenance, and support of said children.''

It is obvious that the beneficiary of this equity may decline to avail himself of the support therein provided for him—in which event, the entire rents and profits must be appropriated to the education, support, and maintenance of the daughters. A Court of Equity would have no power, in such event, to determine what would be a reasonable support, and subject it to the claims of creditors, whether the beneficiary had elected to avail himself of the charge of the testatrix or not. We are of opinion that the defendant, O. G. Broyles, has no such property or alienable interest in this trust as may be subjected to the payment of his debts. The decree of the Chancellor in this respect is reversed, but in all other respects affirmed.